## Szwast Unemployment Compensation Case.

Argued March 10, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Margaret S. Szwast,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WATKINS, J., April 16, 1958:

This is an appeal in an unemployment compensation case. The appellant was last employed by the Martinsburg Shoe Company as a die cutter. She had taken a one week vacation and had asked her employer for an additional week. This was refused and she was notified by her employer that if she took this unauthorized vacation period away from work she would be dismissed from her job.

Despite this warning and direct order from her employer she took off the additional week without justification or notification to her employer. On her return to work she was immediately discharged for the violation of her employer's order. Her excuse was that she was compelled to take the time off "because of her run down physical condition". The bureau, the referee and the unemployment compensation board of review held her disqualified for benefits under Section 402 (e) of the Unemployment Compensation Law, 43 PS §802 (e), which provides, inter alia: "An employe shall be ineligible for compensation for any week— . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . .".

The board made the following findings of fact.

"2. The claimant, who had taken a prior one week vacation, asked for an additional week which was refused by the employer.

"3. The employer notified the claimant that if she took an unauthorized week off from work she would be dismissed from her job.

"4. The claimant nevertheless was absent from work during the first week of September 1956.

"5. Upon her return to work, claimant was dismissed from her job".

These findings of the board are supported by substantial, competent evidence and are therefore binding on us: *Antinopoulas Unemployment Compensation Case*, 185 Pa. Superior Ct. 76 (1958).

Since conduct can be wrong only when it violates a duty to act otherwise, benefit decisions have held that an essential element of misconduct connected with an employee's work is a breach of duty to the employer. The defiance by the appellant of a direct order by her employer, denying an extra vacation week, and putting her judgment above that of her employer was arbitrary and inimical to the employer's best interest and constitutes willful misconduct within the meaning of the law: *Armstrong Unemployment Compensation Case*, 179 Pa. Superior Ct. 488, 118 A. 2d 217 (1955); *Dati Unemployment Compensation Case*, 184 Pa. Superior Ct. 292 (1957).

The decision of the Unemployment Compensation Board of Review is affirmed.