Brian McAlister, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges MENCER, DiSALLE and MacPHAIL, sitting as a panel of three.

*Sandra L. Smales,* with her *Edward A. Olds,* for petitioner.

*Michael Klein,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 21, 1978:

This is an appeal by Brian McAlister (claimant) from an order of the Unemployment Compensation Board of Review (Board) disallowing claimant's appeal from the referee's denial of benefits on the ground of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant had been employed by Follansbee Metal Company (employer) as a purchasing agent for over 3 years. During February or March 1976, claimant requested 10 vacation days to be taken between July 12 and July 23, 1976. In or about May 1976, claimant was informed by his supervisor that, in accordance with the employer's policy, he was only entitled to 8 vacation days, since he had been advanced 2 paid vacation days during 1975. Despite being told that he was only permitted to take 8 vacation days, claimant remained on vacation for 10 days. He was therefore discharged for taking unauthorized vacation.

Claimant does not deny that he knowingly disobeyed his employer's directive. Nevertheless, he contends that the charge of willful misconduct was not justified since (1) his absence was not shown to be

inimical to his employer and (2) his absence was reasonable and with good cause.

It is well established that taking an unauthorized vacation when directed not to do so constitutes willful misconduct. *Adams v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 500, 373 A.2d 1383 (1977); *Szwast Unemployment Compensation Case*, 186 Pa. Superior Ct. 134, 140 A.2d 373 (1958). This is so, contrary to claimant's contention, even though the employer has not shown that he suffered harm in the nature of financial loss or insufficient manpower. As was stated in *Szwast, supra,* 186 Pa. Superior Ct. at 136, 140 A.2d at 374, "[t]he defiance by the appellant of a direct order by her employer, denying an extra vacation week, and putting her judgment above that of her employer was arbitrary and inimical to the employer's best interest and constitutes a willful misconduct within the meaning of the law."

It is also well established that an employee's refusal to comply with a rule or demand which is unreasonable in application under the circumstances prevailing in a given case is not willful misconduct. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). The only justification advanced by claimant for taking 10 days was that he had already made reservations for the 2 weeks when informed that he was only entitled to 8 days. There is no indication that claimant attempted to resolve the matter with his employer or that he was unable to change his vacation plans. Rather, when told by his supervisor that he had only 8 days of vacation, claimant said, in effect, that he was taking a full 2 weeks regardless of what the company did. Under these circumstances, we cannot conclude that claimant's noncompliance was reasonable or with good cause.

Therefore, we enter the following

ORDER

AND NOW, this 21st day of December, 1978, the order of the Unemployment Compensation Board of Review, dated February 24, 1977, disallowing further appeal to Brian McAlister, is affirmed.