Neftali Rosado, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Luis Diaz,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 25, 1979:

Neftali Rosado has appealed from a decision of the Unemployment Compensation Board of Review declaring him to be ineligible for benefits because he was discharged from his employment for his willful misconduct.[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (e).

Mr. Rosado was employed as a rat control worker by the City of Philadelphia. On December 8, 1977, he submitted a written request for a 30-day personal leave of absence, effective December 16, 1978, so that he could visit his family in Puerto Rico. No family emergency or other special cause for the visit at this time was asserted. His employer denied the request for a 30-day leave, but granted a 15-day leave without pay, specifically directing him to report back to work on January 10, 1978. At the referee's hearing, Mr. Rosado acknowledged that he was aware of the employer's direction that he return to work on Janu-

---

[1] The Bureau of Employment Security and a referee held that Mr. Rosado was disqualified as a voluntary quit. The Board of Review properly concluded that it was a case of discharge for willful misconduct.

ary 10, 1978. He nevertheless went to Puerto Rico and did not report back to work until the morning of January 17, 1978, to learn that he had been discharged as of January 10, 1978.

Mr. Rosado argues that his action did not rise to the level of willful misconduct because he told his employer before he left on the trip that he could not get a plane reservation for the return trip before January 16, 1978 and that although he would do his best to be back on time, he probably wouldn't return until January 17, 1978. He contends that he was not guilty of misconduct because he tried to return by January 10, 1978 and that it wasn't his fault that he reported late. We disagree.

Since Mr. Rosado understood his employer's requirement that he return to work on January 10, 1978 and knew before he left that there were no available return flights until January 16, 1978, his act of leaving was in deliberate disregard of his employer's direction. It was misconduct, not misadventure.

Order affirmed.

ORDER

AND Now, this 25th day of May, 1979, the order of the Unemployment Compensation Board of Review dated June 29, 1978 appealed from is affirmed.