Jeanne C. Krause, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1979, before Judges BLATT, DiSALLE and MACPHAIL, sitting as a panel of three.

*Christopher F. Stouffer*, with him *Hamilton, Darmopray & Malloy*, for petitioner.

*Gary Marini*, Assistant Attorney General, with him *James K. Bradley*, Assistant Attorney General, *Richard Wagner*, Assistant Attorney General, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, October 15, 1979:

This is an appeal by Jeanne C. Krause (Claimant) from an order of the Unemployment Compensation Board of Review (Board) disallowing Claimant's appeal from the referee's denial of benefits on the ground of willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Claimant was employed by Yellow Freight Systems as a part-time billing computer clerk at $7.40 per hour from January 3, 1976, to August 5, 1977. On August 5, 1977, Claimant wrote a note to the

branch manager saying that she would be taking a vacation to go to California and would not be coming to work from the 12th through the 22nd of August. The branch manager told Claimant that she could not take this time off due to the shortage of personnel in the billing department, and that if she insisted on going, he would discharge her. Claimant replied that she had personal business in California and, regarding the threat of discharge, told the branch manager, "That's your decision to make."

Claimant does not deny that she knowingly disobeyed her employer's directive. Nevertheless she contends that the charge of willful misconduct was not justified since she was employed on a part-time basis and her employer did not demonstrate convincingly that her services were essential during the period of time in question.

Claimant's argument that her absence was not willful misconduct because she was a part-time employe is specious. She seeks benefits under the Act as an employe on the one hand, and yet seeks to be excused from the standard of conduct expected of an employe on the other hand.

This case is controlled by *McAlister v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 376, 395 A.2d 660 (1978), where we held that taking an unauthorized vacation when directed not to do so constitutes willful misconduct even though the employer has not shown that he suffered harm in the nature of financial loss or insufficient manpower. Therefore we affirm the order of the Board disallowing further appeal to Jeanne C. Krause.

## Order

And Now, this 15th day of October, 1979, the order of the Unemployment Compensation Board of Review, dated March 8, 1978, is hereby affirmed.