Amy L. Jimenez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Medical College of Pa., Respondents.

Submitted on briefs June 2, 1980, to Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Scott E. Townsley*, for appellant.

*Robert H. Young, Jr., Drinker, Biddle & Reath,* for respondent, Medical College of Pennsylvania.

OPINION BY JUDGE MENCER, August 12, 1980:

Amy L. Jimenez (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which denied her benefits because of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was employed by the Medical College of Pennsylvania as a research technician for approximately nine months prior to her discharge. On Monday, December 4, 1978, claimant called Dr. Jocelyn Prendergast, her supervisor, and informed Dr. Prendergast that she would not be in that day. The Board found that claimant also requested the rest of the week off so that she could prepare for a graduate record examination. Dr. Prendergast, after considering claimant's request, denied the leave and told claimant that she was needed to complete a pressing research

project. Claimant informed Dr. Prendergast that she would not be in the next morning as directed, but she did offer to come in Tuesday afternoon and work the remainder of the week to complete the research project. Dr. Prendergast rejected claimant's offer and warned claimant that her failure to report the next day would result in her discharge. Claimant did not report and was discharged. Claimant's application for unemployment benefits was denied at all levels by the compensation authorities and this appeal followed.

It is well settled that the refusal of an employee, without good cause, to obey the reasonable directive of his employer constitutes willful misconduct. *Baillie v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 181, 413 A.2d 1199 (1980); *Affalter v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 482, 397 A.2d 863 (1979); *Szwast Unemployment Compensation Case*, 186 Pa. Superior Ct. 134, 140 A.2d 373 (1958). Here it is undisputed that claimant did not report to work as directed by Dr. Prendergast. Yet claimant argues that her conduct was justified by medical reasons, which admittedly were not mentioned to Dr. Prendergast when claimant requested the leave but were advanced before the referee as the true reasons for claimant's request. Claimant also argues that the Board failed to make any findings on her alleged justification, thereby requiring a remand. Both arguments are without merit.

Unlike those cases where a remand was required because no findings of any sort were made on the issue of good cause, *see, e.g., Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979); *Kindrew v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978), here the Board, as

the ultimate factfinder, specifically found that claimant requested the leave in order to study for the graduate record examination. It was this "excuse" that the Board found credible, not claimant's allegation of illness. Since claimant has the burden of proof on the issue of good cause, *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979), and did not prevail below, the Board's finding is binding on us unless the Board capriciously disregarded competent evidence. *Stevens v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 242, 403 A.2d 221 (1979). Since the only medical evidence presented by claimant to support her allegation of illness was objected-to hearsay and claimant's own testimony contradicted her alleged excuse,[1] we cannot say the Board deliberately disregarded competent evidence, which one of ordinary intelligence could not possibly have avoided, in finding that the requested leave was to study for the examination.

We also find without merit claimant's argument that, since she offered to work part of her normal work schedule, Dr. Prendergast's insistence that claimant work her full schedule was unreasonable. Even if claimant could have finished the project by working only part of the week, it is the employer's prerogative to determine the work schedule, not the employee's. *Cf. Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 319 A.2d 195 (1974) (an employee is hired to do a particular task at an assigned time and place and the employer may make reasonable changes in one or all of these factors).

---

[1] Claimant admitted that, on December 5, the morning she refused to work, she attended an interview for graduate school. This admission, combined with claimant's offer to work the remainder of the week, hardly reflects the conduct of one too ill to work.

Accordingly, we enter the following

O<span style="font-variant:small-caps">RDER</span>

A<span style="font-variant:small-caps">ND</span> Now, this 12th day of August, 1980, the order of the Unemployment Compensation Board of Review, dated March 10, 1979, denying benefits to Amy L. Jimenez, is affirmed.

A<span style="font-variant:small-caps">MENDED</span> O<span style="font-variant:small-caps">RDER</span>

A<span style="font-variant:small-caps">ND</span> Now, this 19th day of September, 1980, the order of this Court dated August 12, 1980, in the above captioned case, is hereby amended to read as follows:

A<span style="font-variant:small-caps">ND</span> Now, this 12th day of August, 1980, the order of the Unemployment Compensation Board of Review, dated March 19, 1979, denying benefits to Amy L. Jimenez, is affirmed.