Ella Richardson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 1, 1981:

Ella Richardson appeals from an order of the Unemployment Compensation Board of Review (Board) denying unemployment benefits on the grounds that her discharge from employment as a keypunch machine supervisor with American Acceptance Corporation (employer) was the result of her willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law.[1]

Two evidentiary hearings were held before a referee at which the claimant, her husband, and several representatives of the employer testified. It is undisputed that on Monday, March 12, 1979, claimant approached her superior, Mr. Rowan, and requested permission to be absent from work on Thursday and Friday of that week in order to celebrate her wedding anniversary. When asked about his response to claimant's request, Mr. Rowan testified

A: She was denied permission to take the whole day off on Thursday and we were to talk over the work situation on Thursday to determine whether or not she would have the opportunity to take off Friday.

. . . .

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Q: Did she agree with this?

A: She agreed with this.

Claimant testified that she believed she had been given permission to be absent from work on Thursday and Friday. In any event, claimant came to work Thursday morning in order to assign pending projects to other employees in the keypunch department. She did not at that time speak with Mr. Rowan although he was available and at lunchtime she left a note on Mr. Rowan's desk, the contents of which is set forth as follows:

Tom, have a nice day and week-end. See you Monday.

/s/ Ella

Claimant did not return to work until the following Monday when she was discharged.

The referee and the Board found that the claimant left her work despite the denial of her request for leave and that she was for this reason discharged.[2] This finding is clearly supported by the evidence and therefore binding. *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978). The claimant's contention is that an indication that another person had been employed who was qualified to do her work supports an inference that her absence without leave was not the real reason for her discharge. The evidence on this point is tenuous indeed and in any case the drawing of inferences is for the compensation authorities. *Tuono*

---

[2] An employer representative testified that the discharge was also motivated by the discovery on the day of claimant's unauthorized absence that she had been responsible for the hiring of an unqualified keypunch operator. The referee and the Board found that claimant had not exercised proper judgment with regard to this employee. However, the decision of the Board does not appear to rest on this finding and instead relies entirely on the unauthorized absence.

*v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , 422 A.2d 240 (1980).

It is settled that the refusal of an employee, without good cause, to obey a reasonable directive of the employer constitutes willful misconduct. *Jimenez v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , 417 A.2d 870 (1980); *Affalter v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 482, 397 A.2d 863 (1979). This Court has repeatedly held that taking an unauthorized vacation when directed not to do so is willful misconduct, *Jimenez, supra; Krause v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 466, 406 A.2d 841 (1979); *Rosado v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 73, 401 A.2d 865 (1979), even though the employee has an otherwise unblemished record and is given no explicit warning that the offense will lead to discharge; *Jackamonis v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 571, 408 A.2d 581 (1979); *McAlister v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 376, 395 A.2d 660 (1978); *Blystone v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975), and even though the employer does not show that he suffered a direct economic loss as a result of the absence. *Krause, supra.* We reject claimant's contention that her actions were reasonable or insufficiently serious to constitute willful misconduct.

Accordingly, we enter the following

ORDER

AND Now, this 1st day of April, 1981, the order of the Unemployment Compensation Board of Review here appealed is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON.