Joseph Lipovsky, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*Stephen Cohen,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 6, 1981:

Joseph Lipovsky, Jr., (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which found him to be ineligible for unemployment benefits because his termination from employment was due to willful misconduct.[1]

The claimant was employed by the Bloomsburg Insulation Company (employer) as a crew leader. He notified his employer approximately two weeks in advance that he intended to take five days of vacation beginning on November 5, 1979. A few days before this date, however, his employer requested that he postpone the vacation because the business was backlogged with work. Nevertheless, he took five days of vacation at the time planned, notwithstanding, in addition, that this was one more day than the four to which he had claim as vacation leave days. The employer argues that the claimant's refusal to postpone his vacation as well as his taking of an additional day of vacation constituted willful misconduct. The ref-

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

eree denied benefits on those grounds, the Board affirmed that determination and the claimant appeals here.

It is well established that taking an unauthorized vacation when directed not to do so constitutes willful misconduct. *McAlister v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 376, 395 A.2d 660 (1978); *Szwast Unemployment Compensation Case,* 186 Pa. Superior Ct. 134, 140 A.2d 373 (1958). The claimant's argument here, that the employer must show that an employee's unauthorized vacation resulted in financial loss or other damage to the employer in order for the vacation to constitute willful misconduct is clearly not sanctioned in the law. *McAlister v. Unemployment Compensation Board of Review, supra.* Moreover, the Superior Court held in *Szwast, supra* at 136, 140 A.2d at 374: "The defiance by the appellant of a direct order by her employer, denying an extra vacation week, and putting her judgment above that of her employer was arbitrary and inimical to the employer's best interest and constitutes willful misconduct. . . ." We recognize that an employee's refusal to comply with such a request by an employer may, in certain circumstances, be reasonable, but the claimant clearly failed to present evidence here as to any valid reasons why he could not have postponed his vacation.

It is unclear from the referee's findings, as adopted by the Board, whether or not the claimant's action in taking one more day of annual vacation time than he was entitled to take was a deliberate violation of the employer's rules. If it was, his action would constitute willful misconduct, *Miller v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980). But if he made a reasonable mistake willful misconduct might not have existed. *Morysville Body Works v. Unemployment Com-*

*pensation Board of Review,* 54 Pa. Commonwealth Ct. 6, 419 A.2d 238 (1980). Having disposed of the case on other grounds, however, we need not reach this issue.

The Board's order denying benefits will be affirmed.

ORDER

AND Now, this 6th day of August, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.