Jean Ryman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1982, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*John J. Robinson, Jr.,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, March 12, 1982:

Jean Ryman here appeals from an order of the Unemployment Compensation Board of Review affirming a referee's denial of benefits on the ground that Ms. Ryman's discharge from her position as a switchboard operator for Luzerne Outerwear Manufacturing Company was occasioned by her willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

The facts as found by the referee and supported by substantial evidence of record are as follows. On October 29, 1979, the claimant was approached by her superior at Luzerne Outerwear and told that her work attendance record, including eight absences in the current year, was unsatisfactory. Approximately one week later the claimant made inquiries of her superiors as to whether business would be conducted on the day following the Thanksgiving holiday: Friday, November 23. At that time the claimant was told that no firm decision on this issue had yet been made. Thereafter, several days before Thanksgiving, the claimant approached the plant manager, a Mr. Bregman, and repeated her inquiry. Although the particulars of the resulting conversation between the claimant and Mr. Bregman are the subject of some dispute, the referee found on the basis of the testimony of Mr. Bregman and of the claimant's immediate superior Mrs. Maskin that Mr. Bregman informed the claimant that the plant would be open on the day in question and that her ser-

vices would be required. The claimant testified that she then responded that she had made other arrangements for that day including a visit to relatives in New Jersey and an appointment with a New Jersey physician specializing in weight control and that she would not report to work even if her position of employment were thereby jeopardized. On the day following Thanksgiving Ms. Ryman called her employer to report that she would be absent from work on account of a doctor's appointment in New Jersey. She was immediately notified by telegram of her discharge.

The claimant does not seriously contest any of the circumstances recounted above but argues, with citation to the leading case of *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976), that her behavior as depicted in those factual findings was reasonable and justified and, therefore, does not constitute willful misconduct. In *Frumento* the Supreme Court held that an employee who failed to report to work on account of his responsibilities as an elected judge of election was not guilty of willful misconduct because the employer had been given abundant opportunity to object to the absence but had failed to do so until the eve of the election and because the employee's failure on such short notice to attend to his elected duties would have subjected him to possible fine or imprisonment.

The instant case is not controlled by *Frumento*. Here the employer was given no early opportunity to object to the claimant's plans and here the claimant's absence was the result of her desire to attend a family party and to consult with a physician concerning her weight problem. There is no evidence in this record that the claimant would have suffered unnecessary hardship had she acceded to the employer's demand that she report to work or that there would have been any difficulty in rescheduling her medical consultation.

The facts as properly found by the referee place this case in the company of the many decisions of this court which have held the employee's unauthorized extension of a vacation or holiday to be willful misconduct. *See e.g. Krause v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 466, 406 A.2d 841 (1979); *Rosado v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 73, 401 A.2d 865 (1979); *Urso v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 593, 396 A.2d 70 (1979); *McAlister v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 376, 395 A.2d 660 (1978). We are in complete agreement with the decision of the Board that the claimant's refusal to be present at her work station was not reasonable and that she is therefore ineligible for unemployment benefits.

Order affirmed.

### ORDER

AND Now, this 12th day of March, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.