Pauline E. Hart, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 16, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Stephen J. Mascherino*, with him *Thomas J. Wagner, Glenvar E. Harman Associates*, for petitioner.

*Charles G. Hasson*, Assistant Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, October 15, 1982:

Pauline E. Hart (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying her benefits on the basis that her unemployment was due to her own willful misconduct.[1]

The claimant was last employed as an inspector by the Burroughs Corporation (employer) and has testified that she was often the target of comments by her fellow employees regarding her personal appearance. She discussed this harassment with her employer and,

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

when no action was taken, she decided to move her work area to a more remote location. This relocation was done without her employer's permission and, when it was discovered, she was ordered to return to her original work area. One week later she was told to move into a new area which was near enough to her supervisor so that, as was testified, he could overhear any comments made by her fellow employees and bring an end to any harassment. The claimant, believing that this relocation would not solve the problem, refused to move and was consequently dismissed for the remainder of that day. On the following day her employment was terminated.

It is axiomatic that the employer bears the burden of establishing willful misconduct and we have recognized that an employee's refusal to honor a reasonable directive of an employer constitutes willful misconduct. *Jimenez v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 434, 417 A.2d 870 (1980). Here, after carefully reviewing the record and keeping in mind our scope of review,[2] we believe that substantial evidence exists which would support the Board's findings and warrant a conclusion that this claimant's refusal to obey her employer's reasonable directive constitutes willful misconduct. *Id.*

The claimant argues that the Board failed to make findings of fact showing that she acted without good cause. The Board specifically found, however, that "[t]he claimant refused to move her work because she did not believe it would solve the problem." We believe that this finding, which was clearly made without a capricious disregard[3] of competent evidence in the

[2] *Zuraw v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 548, 434 A.2d 1312 (1981).

[3] *Gwin v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 69, 427 A.2d 295 (1981).

record, embraces the issue of good cause and we agree with the Board that such a "belief" as the claimant alleges she had was not good cause for refusing a reasonable directive.

The claimant also argues that the Board erred in considering a letter submitted by the employer after the referee's hearing which allegedly contained hearsay evidence prejudicial to her and facts not developed at the hearing. Our review of the record discloses, however, that the Board's findings of fact were based on the evidence placed before the referee at the hearing. Because the Board's findings were, therefore, based on competent evidence, we must reject this argument as well.

We will therefore affirm the order of the Board.

ORDER

AND Now, this 15th day of October, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.