John Andrew Hymon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

510

Submitted on briefs September 12, 1983, to President Judge CRUMLISH, JR. and Judges BARRY and BLATT, sitting as a panel of three.

 

*Joseph J. Dixon,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, October 13, 1983:

This action arises on appeal by John Hymon (claimant) from the Unemployment Compensation Board of Review (Board) which affirmed the decision of a referee and the Office of Employment Security which denied unemployment compensation to the claimant. The Board denied the petitioner's claim based on Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week "in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." Essentially, our review

turns on whether the findings by the referee that claimant's action constituted willful misconduct are supported by substantial evidence. We believe that the findings of the referee are supported by substantial evidence.

Claimant's girl friend, Sarah Reid, experienced physical problems requiring surgery on or about April 21, 1981. Due to complications, claimant met with his immediate supervisor, Joyce Marshall, a department manager, in order to meet the problem of caring for and transporting Ms. Reid to the doctor. Ms. Marshall and Mr. Hymon agreed on an emergency use of vacation leave under which arrangement Mr. Hymon would be able to request from his employer, even on the very day, an emergency vacation day to care for and transport Ms. Reid to the doctor. Mr. Hymon used eight vacation days in this manner during which time Ms. Reid usually contacted Ms. Marshall to arrange the vacation days. Hymon's employer preferred more formal procedures but accepted contact from Ms. Reid as Mr. Hymon's liaison rather than direct contact from Mr. Hymon. On April 30, 1981, Ms. Reid called requesting that day and May 1, 1981, as vacation days for Mr. Hymon. She granted the request. However, Ms. Marshall informed Ms. Reid that Mr. Hymon had two more vacation days remaining but that Mr. Hymon had to be at work Monday and Tuesday, May 4 and 5, 1981, since the work operation for those days required his services. Ms. Reid phoned Ms. Marshall again on May 4, 1981, to request two more vacation days for Mr. Hymon. Ms. Marshall denied the request and asked Ms. Reid to tell Mr. Hymon to report to work or phone her immediately. Mr. Hymon failed to report for work either day and, consequently, his employer terminated his employment.

This Court has defined "willful misconduct" numerous times, quite recently in *Harris v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 537, 447 A.2d 1060 (1982). The Court found willful misconduct to have occurred when the employee's behavior constituted wanton and willful disregard of employer's interest, deliberate violation of employer's rules, disregard of standards of behavior which employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for employer's interests or employee's duties and obligations. Ms. Marshall informed Ms. Reid twice, once on April 30, 1981, and again on May 4, 1981, that Mr. Hymon could not have May 4 and 5, 1981, as vacation days because Ms. Marshall needed him for a particular work project. His actions constituted a disregard of standards of behavior which an employer has a right to expect of an employee. Therefore, claimant's actions constituted willful misconduct.

The law is well settled that the taking of an unauthorized vacation when directed not to do so constitutes willful misconduct. *Lipovsky v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 98, 433 A.2d 149 (1981); *McAlister v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 376, 395 A.2d 660 (1978); *Adams v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 500, 373 A.2d 1383 (1977).

Petitioner contends that, under *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976), if the employee's actions are found to be justifiable and reasonable under the circumstances, then the employee's actions do not con-

stitute willful misconduct. Petitioner also contends, under *Lipovsky*, that his refusal to comply with the request of his employer may, under certain conditions, be reasonable. The Court acknowledges that particular circumstances may render an employee's noncompliance reasonable. However, the Court believes that in this case the claimant failed to justify his absence. It seems apparent that he knew or should have known in ample time through Ms. Reid that Ms. Marshall required his presence on May 4 and 5, and, therefore, had sufficient time to make alternative arrangements to care for Ms. Reid on those two days.[1]

For these reasons the Court holds that Mr. Hymon did not show good cause for his absence.

The decision of the Board is, therefore, affirmed.

ORDER

Now, October 13, 1983, the order of the Unemployment Compensation Board of Review, Decision No. B-198215, dated August 11, 1981, is hereby affirmed.

---

[1] This conclusion is based on and supported by finding of fact number ten which stated: "The employer department manager granted this request [for vacation days on Thursday, April 30 and Friday, May 1, 1981]; however, she added that the claimant must be at work on May 4 and 5, 1981, due to a certain work operation for which he was needed."