IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan Wayne Hart,     :
     Petitioner   :
            :
   v.       :  No. 491 C.D. 2016
            :  SUBMITTED: August 12, 2016
Unemployment Compensation  :
Board of Review,     :
     Respondent  :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE JULIA K. HEARTHWAY, Judge
      HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY      FILED: November 10, 2016


   Jonathan Wayne Hart (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits under section 402(e) of the Unemployment Compensation Law[1] (Law) because his termination was due to willful misconduct. We affirm.

   Claimant worked as a full-time engineer for FirstEnergy Corporation (Employer), from April 6 to August 14, 2015. During his four-month term of employment, Claimant was frequently in conflict with management and co-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

workers.  On August 14, 2015, Employer delivered to Claimant a termination letter, stating—

> In the months since your hire date of April 6, 2015, you have repeatedly behaved in an unprofessional manner and made inappropriate comments to your supervisor and manager.  Your comments are not and have not been in accordance with [Employer's] Rules of Engagement or Code of Business Conduct policy and go well beyond general workplace standards of respect for one another, and respect for the chain of command.
>
> On August 6, 2015 a meeting was held with you to address the unprofessional behavior and emails sent to management.  During this meeting you failed to show any recognition of the need to improve, and instead simply redoubled your argumentative and unprofessional conduct towards our management team.  You stated that you were looking for another job, and made it clear that you had no wish to remain employed here.

(Record (R.) Item No. 3, at 1.)

Thereafter, Claimant filed for unemployment compensation benefits. Contending that Claimant was discharged for willful misconduct, Employer opposed Claimant's application.  On December 18, 2015, a referee conducted a hearing on Claimant's application, where representatives of Employer offered evidence on the circumstances and events that preceded Claimant's termination.

The manager of the engineering substation where Claimant worked testified that Claimant acted inappropriately with his supervisors and co-workers. The manager testified that Claimant refused a directive from his supervisor to work with a particular CAD operator on June 19, 2015. (R. Item No. 9, Notes of Testimony (N.T.) at 12, 19.)  Thereafter, Claimant was assigned to an alternate project with a different CAD operator.  While working on this alternate project,

2

Claimant accused the manager of having a "history of dishonesty," being "unethical," and "avoiding documenting work assignments." (R. Item No. 9, N.T. at 15-16.) Claimant also accused his supervisor of lying to the public regarding a manufactured piece of equipment. (R. Item No. 9, N.T. at 16-17; Employer Ex. 4.)

The manager also testified that Claimant again refused a directive to work with a particular CAD operator on July 31, 2015. Claimant emailed that the directive was "highly questionable" and alleged that his supervisor was testing him. (R. Item No. 9, N.T. at 19; Employer Ex. 5.) Claimant also proposed that his supervisor should be tested; that Claimant would judge the results; and that if the supervisor passed the test, Claimant would agree to work under his supervision. (R. Item 9, N.T. 19; Employer Ex. 5.)

The manager testified that a meeting was held on August 6, 2015, to confront Claimant with his abrasive and disrespectful workplace behavior. (R. Item No. 9, N.T. at 20.) Claimant was advised that he needed to change his behavior toward his colleagues, but Claimant denied that there was a problem and refused to change his behavior. (R. Item No. 9, N.T. at 10-11.) Claimant was discharged on August 14, 2015. (R. Item No. 9, N.T. at 6.)

The referee ruled that Claimant was discharged for willful misconduct and ineligible for unemployment compensation benefits under section 402(e) of the Law. Claimant appealed to the Board, which affirmed the referee on March 10, 2016, finding that "the [C]laimant's deliberate refusal to follow the code of business conduct or his supervisor's directive to change his behavior and conform to the code of business conduct amounted to willful misconduct." (R. Item No. 13, at 3.)

Claimant now seeks review of the Board's determination that he is ineligible for unemployment compensation benefits. This court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

Section 402(e) of the Law provides that an employee is ineligible for unemployment compensation benefits when his unemployment is due to discharge from work for willful misconduct. 43 P.S. § 802(e). Willful misconduct is defined as:

> (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2003). "[W]e have recognized that an employee's failure to honor a reasonable directive of an employer constitutes willful misconduct." *Hart v. Unemployment Compensation Board of Review,* 452 A.2d 72, 73 (Pa. Cmwlth. 1982) (citation omitted).

In this case, the Board identified two bases of willful misconduct by Claimant: (1) his failure to follow Employer's Code of Business Conduct; and (2) his refusal to follow Employer's directive to change his disruptive behavior in the workplace. The Code of Business Conduct is a policy of Employer that "communicates the fundamentals of ethical behavior in the workplace. . . ." (R.

4

Item 9, Employer Ex. 1.) In its brief, the Board acknowledges that, in fact, Claimant violated a different set of guidelines, Employer's Rules of Engagement, rather than its Code of Business Conduct. (Board's Br. at 8.) The Board essentially admits that there is not substantial evidence in the record to support its finding that Claimant violated Employer's Code of Business Conduct.

However, the Board's finding of willful misconduct rested on more than just a particular violation of the Code of Business Conduct. The Board also found that Claimant was discharged because of his "deliberate refusal to follow. . . his supervisor's directive to change his behavior. . . ." (R. Item No. 13, at 3.)

The Board's findings of fact show that Claimant's conduct was a persistent problem for Employer. For example, Claimant twice refused to work with another employee as directed. These refusals alone could serve as a basis for an immediate discharge for willful misconduct. *See Dougherty v. Unemployment Compensation Board of Review,* 686 A.2d 53 (Pa. Cmwlth. 1996); *Affalter v. Unemployment Compensation Board of Review,* 379 A.2d 863 (Pa. Cmwlth. 1979). But instead of firing Claimant for these refusals (and other disruptive conduct), Employer met with Claimant on August 6, 2015, and advised Claimant "that he needed to make changes in his behavior." (R. Item No. 13, at 2.) One week later, Employer fired Claimant for reasons including his "deliberate refusal to follow. . . his supervisor's directive to change his behavior. . . ." (R. Item No. 13, at 3.)

The Board acknowledges that it incorrectly stated in its order that Claimant violated Employer's Code of Business Conduct. Nonetheless, the Board asserts its order should be affirmed because the Board also stated an alternate basis for its finding of willful misconduct, i.e., the refusal to follow the directive to

change his behavior. We agree. The record contains substantial evidence to show that Claimant was discharged for willful misconduct in that he refused to follow Employer's reasonable directive to change his behavior in the workplace.

A claimant who is discharged for multiple reasons is ineligible for benefits if any of those reasons constitute willful misconduct. *See Anderson v. Unemployment Compensation Board of Review,* 485 A.2d 900 (Pa. Cmwlth. 1985). In this case, the Board did not err in determining that Claimant was ineligible for benefits under section 402(e) of the Law, 43 P.S. § 802(e).

Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

Senior Judge Pellegrini dissents.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jonathan Wayne Hart,                          :
             Petitioner            :
                                         :
           v.                                      :        No. 491 C.D. 2016
                                           :
Unemployment Compensation                     :
Board of Review,                              :
             Respondent           :

O R D E R

AND NOW, this 10th day of November, 2016, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
JULIA K. HEARTHWAY, Judge