Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Patricia E. Devlin, Appellant.

Argued May 9, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Thomas G. Michalek,* with him *Paul F. Laughlin,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 8, 1975:

This is an appeal by Patricia E. Devlin (claimant), who was discharged from her employment with E. Louis Feldman, Esq., (employer) because of her allegedly taking an unauthorized vacation. The Unemployment Compensation Board of Review (Board) premised its denial of benefits on claimant's "willful misconduct connected with [her] work," thereby invoking Section 402(e) of the Unemplyment Compensation Law.[1]

Our scope of review in unemployment compensation cases is strictly confined to questions of law and, absent fraud, to a determination as to whether the Board's findings are supported by the evidence. Questions concerning credibility and the weight to be given the evidence are for the Board. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A.2d 708 (1973).

The Board's pertinent findings of fact reveal the following:

"1. The claimant was last employed by E. Louis Feldman, Pittsburgh, Pennsylvania, for approximately four years as a bill collector at a salary of $600 a month, and her last day of work was September 29, 1973.

"2. Claimant was scheduled to report for work on Monday, October 1, 1973, but informed her employer on September 29, 1973, that she was taking the period from October 1, 1973 through October 6, 1973 as a vacation week.

---

1. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, Art IV, *as amended,* 43 P.S. §802(e), provides:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e)   In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ."

"3. Claimant did not have her vacation scheduled for the week ending October 6, 1973, but was scheduled for the following week ending October 13, 1973. The employees do not work the Saturday preceding a vacation week. Claimant worked on a Saturday, September 29, 1973.

"4. The employer informed the employee that she couldn't have the week ending October 6, 1973 as a vacation week because he needed her services, and he expected her to report for work on October 1, 1973.

"5. Claimant did not report for work on October 1, 1973 as scheduled, and informed the employer she was taking the week off as a vacation week.

"6. On October 3, 1973, the claimant injured her back and required medical attention.

"7. Claimant had a friend call the employer on October 7, 1973 to inform him of the claimant's injury and inability to work.

"8. Claimant made no effort to contact the employer to advise him of her physical condition.

"9. No contact was made by claimant until October 18, 1973, when claimant's mother called the employer concerning claimant's pay and arrangements were made for her to receive her pay.

"10. An employee who marked vacations on her calendar in the employer's office and tabulated same as part of office procedures stated that claimant's vacation was scheduled for the week ending October 13, 1973.

"11. The employer terminated the claimant's employment by a letter dated October 19, 1973 since claimant took a week off work without authorization."

The record before us could have easily supported findings contrary to the above. However, during our careful review of the record we have found sufficient evidence to support the Board's findings. With such findings it is quite clear that appellant's conduct

amounted to "willful misconduct" under the Act.[2] We are therefore compelled to affirm.

ORDER

AND NOW, this 8th day of July, 1975, the order of the Unemployment Compensation Board of Review in regard to the claim of Patricia E. Devlin is hereby affirmed.

---

2. For various discussions concerning the concept of "willful misconduct" in vacation cases, see *Lipshultz v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 180, 334 A. 2d 810 (1975) *Szwast Unemployment Compensation Case*, 186 Pa. Superior Ct. 134, 140 A. 2d 373 (1958), *Morgan Unemployment Compensation Case*, 176 Pa. Superior Ct. 297, 106 A. 2d 618 (1954); *Butchko Unemployment Compensation Case*, 168 Pa. Superior Ct. 618, 82 A. 2d 282 (1951).