Westinghouse Electric Corporation *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Westinghouse Electric Corporation, Appellant. Ernestine Webster, Intervening Appellee.

74

Argued October 29, 1976, and reargued January 31, 1977, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Lynn E. Wagner,* with him *Berkman, Ruslander, Pohl, Lieber & Engel,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, for appellee.

*Robert A. Berkowitz,* for intervening appellee.

OPINION BY JUDGE WILKINSON, December 2, 1976:

In this unusual and difficult unemployment compensation claim, the facts are either admitted or must be considered by this Court in a light most favorable

to claimant since the Unemployment Compensation Board of Review (Board) has found in her favor, albeit the Bureau of Employment Security and the Referee disallowed her claim. The issue is whether claimant is barred by willful misconduct under §402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

The law on what constitutes willful misconduct under this section has been so recently and fully set forth by our Supreme Court in *Frumento v. Unemployment Compensation Board of Review*, Pa. , 351 A.2d 631 (1976), further general discussion is unnecessary.

The facts, as found by the Board and taken in the most favorable view for the claimant, are that she, a 53 year old black, had worked for this employer for approximately 7 years, performing in at least a satisfactory manner. She started as a copy typist and rose to a general typist with duties as a coder. She was directed to instruct another girl, white, in the duties of a coder. After she declined, her superior conferred with her and impressed upon her the importance of conducting this training. She continued to decline because the designated white trainee had refused to speak to claimant for some months. Claimant stated she would not speak to the trainee, but would merely point. Her supervisor stated that it was not necessary for her to be friendly with the trainee, but it would be necessary to give her the necessary instruction. Claimant continued to refuse based on what the Board has found to be hostility between the claimant and the trainee and "much of this hostility is attributable to racial tension and hostility." Claimant was given a three-day disciplinary suspension.

A few days after claimant returned to work,[1] her supervisor called her and the designated trainee to his office and explained that the training must begin. Claimant refused. The uncontradicted testimony of the supervisor is that at that conference claimant again refused to speak to the trainee. The supervisor explained that it was not necessary for the claimant and the trainee to be friends and that the only conversations needed would be "business communications." The claimant's response was that she would neither talk to nor look at the trainee.

In this case we can reverse the Board only if we conclude that its findings of fact and conclusions of law are inconsistent with each other. *Walsh v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 155, 329 A.2d 523 (1974). We find the conclusions are inconsistent with each other and must reverse.

First and foremost, there is no substantial evidence of any racial discrimination by this employer, especially toward claimant. On the contrary, the employer seems to have gone to more than reasonable lengths to attempt to accommodate the animosity claimant bore the designated trainee, justified or unjustified as that animosity may have been.

The Board's conclusion that claimant's refusal was reasonable was inconsistent with its conclusion that the employer's request was reasonable. The Board made an express finding that:

8. The employer knew that the claimant and the two co-employees were not speaking.

In its discussion, the Board states:

---

[1] It seems appropriate to note that her supervisor testified that he did not insist that claimant train the designated trainee on her first day back at work because a few days' delay would help claimant save face with her fellow employees.

The employer's orders to the claimant of March 7 and May 14 appear reasonable. The claimant was being asked to instruct or train co-employees as to certain job procedures. All employers have the right to so instruct their employees. Complicating the instant case, however, is the employer's knowledge that the claimant's co-employees, both of whom are white, had refused to speak to the claimant, a black. Racial tension and hostility existed in the office in which the claimant worked. Nevertheless, we believe the employer's order was reasonable.

If under all the circumstances, with all facts known to the employer, as well as to the employee, the employer's request is reasonable, then it must follow that it would be unreasonable for the employee to refuse.

In instances such as the present, it is clear to us that the claimant must make a good faith attempt to comply with the employer's request. *Millersville State College v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 238, 242, 335 A.2d 857, 859-60 (1975) states:

This is an important distinction, for we believe that the claimant's failure to make such an attempt constituted willful misconduct, whereas the failure to obtain a Ph.D. in itself would not have done so.

If the claimant had made a good faith attempt to train the designated trainee and the designated trainee had failed to make a good faith attempt to be trained or had allowed what we will assume for purposes of this record were racial prejudices or personal antipathy to interfere with claimant's effort to train her, then we would have quite a different case.

Accordingly, we must reverse the Order of the Board.

ORDER

Now, December 2, 1976, the Order of the Unemployment Compensation Board of Review, dated March 10, 1976, granting benefits is reversed and benefits are denied.

Following reargument an additional opinion was filed and order issued.

OPINION BY JUDGE WILKINSON, February 25, 1977:

This case was argued on October 29, 1976, and the decision was filed December 2, 1976 (366 A.2d 627 (1976)). On December 13, 1976, intervening appellee, Ernestine Webster, applied for reargument on the basis that she had been granted permission to intervene, had filed briefs, but had not received notice of the oral argument on October 29, 1976. She, in fact, did not know of it and did not appear. Reargument was allowed.

Two matters were brought up on reargument that were not considered in the December 2, 1976, opinion. The first is that the first opinion was factually inaccurate when it stated:

A few days after claimant returned to work,[1] her supervisor called her and the designated trainee to his office and explained that the training must begin.

. . . .

Actually, the supervisor testified that he delayed, "let's say a week, 2 weeks." The first opinion was endeavoring to give intervening appellee the benefit of

---

[1] It seems appropriate to note that her supervisor testified that he did not insist that claimant train the designated trainee on her first day back at work because a few days' delay would help claimant save face with her fellow employees.

every doubt. Actually, the supervisor was attempting to help intervening appellee with this face-saving delay.

The other point raised was that the first opinion, while relying on *Frumento v. Unemployment Compensation Board of Review*, Pa. , 351 A.2d 631 (1976), failed to take into account the good cause of claimant's refusal to train the designated employee. On the contrary the Court and the opinion dealt directly with this critical matter, concluding that, as found by the Unemployment Compensation Board of Review (Board) the employer's request was reasonable. This Court concluded then and reaffirms now that the claimant's refusal was unreasonable and constituted willful misconduct.

Accordingly, we will enter an order affirming our December 2, 1976 order reversing the order of the Board.

### ORDER

Now, February 25, 1977, the order of this Court, dated December 2, 1976, reversing the order of the Unemployment Compensation Board of Review and denying benefits is affirmed.