Nicholas Argentina, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

470

Argued March 10, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Richard P. Perna,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., April 1, 1977:

This case arises from an order of the Unemployment Compensation Board of Review (Board) denying claimant unemployment compensation benefits on the basis of wilful misconduct. We affirm.

The Board found as facts:

1. The claimant was last employed by Simon Savings and Loan Association, Philadelphia, Pennsylvania, for approximately one year

as a teller at $100 per week, and his last day of work was January 24, 1975.

2. On or about January 3, 1975, the claimant complained to the president of the Simon Savings and Loan Association that a female employee was making immoral advances to him.

3. The president informed the claimant that he knew the female employee for two years, and he knew the accusations were unfounded and ordered the claimant not to repeat them.

4. On or about January 30, 1975,[1] the claimant placed a letter on the desk of the president in which he repeated the charges he had made against the female employee on January 3, 1975.

5. The president investigated the matter and on January 20, 1975, informed the claimant the charges were unfounded and again ordered him to drop the matter.

6. On or about January 21, 1975, the claimant placed another letter on the desk of the president and informed the president he was going to send copies of that letter to the Board of Directors of the Savings and Loan Association as well as the Association solicitors and the real estate brokers doing the business with the Savings and Loan Association.

7. The president informed the claimant that as of February 14, 1975, he would be discharged.

8. On January 24, 1975, the claimant placed another letter on the president's desk, whereupon he was immediately discharged. (Footnote added.)

---

1 The date January 30 in finding of fact number 4 is obviously, upon examination of the record, only a typographical error. The claimant admitted giving to his employer's president a letter detailing claimant's charges before January 21, the date of the "second" letter.

Upon these findings, which we find supported by substantial evidence, the claimant's actions were adjudged to constitute wilful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). While not defined by statute our courts have defined wilful misconduct as:

> [W]anton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer. (Citation omitted.)

*Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 83, 351 A.2d 631, 632 (1976).

Claimant maintains that he was fired for his continued complaints and that his action was reasonable under the circumstances.[2] Claimant was not fired merely for his continued complaints, however, but for his threatening to send letters concerning his complaints to brokers engaged in business with his employer. Threatening action that would interfere with the conduct of his employer's business is a clear dis-

---

[2] We note that "[i]f under all the circumstances, with all facts known to the employer, as well as to the employee, the employer's request is reasonable, then it must follow that it would be unreasonable for the employee to refuse." *Westinghouse Electric Corporation v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 73, 77, 366 A.2d 627, 629 (1976). Here, the employer's president through discussions with the parties involved had *all* of the pertinent facts available to him. The record leaves no doubt that his decision that claimant's charges were illusionary and his order that no further complaints be made was reasonable. Failure to comply with the order would have constituted wilful misconduct had claimant been discharged for making complaints.

regard of the standards of behavior owed by an employee to his employer and constituted wilful misconduct.

Accordingly, we will enter the following

ORDER

Now, April 1, 1977, the order of the Unemployment Compensation Board of Review, Decision No. B-128715, mailed November 21, 1975, is affirmed.