Jane Adams, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued March 7, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Michael P. Shay,* with him *Jackson M. Sigmon,* and *Sigmon, Littner & Ross, P.C.,* for appellant.

*David Bianco,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, June 13, 1977:

This appeal has been taken from a decision of the Unemployment Compensation Board of Review (Board) which denied benefits to Jane Adams (claimant) due to willful misconduct.[1] Since the Board's decision reversing the referee's award of benefits was supported by the evidence and not erroneous as a matter of law, we affirm.

For 18 months prior to October 25, 1975, the claimant worked as a travel consultant for Wainwright's Travel Service, Inc. (employer). About a month before October 25, the claimant asked the president of the employer for permission to go on a cruise. Among the employer's written rules on vacations were the following:

> Vacations *cannot*—be taken in January, February, October, or November as these four months are the busiest and all employees are required.
>
> *Thirty-days* notice must be given prior to vacations or any solid one week leave, unless in case of extreme emergency. (Emphasis in original.)

Because of these rules, her request was refused. On the morning of October 25, she notified the vice president, the president's wife, that she was leaving that day for a one-week cruise to Bermuda. The claimant's stated reason for going on the cruise was illness due to an allergic reaction to the new paint in her apartment. When the president of the employer learned of her departure, the claimant was discharged.

The referee accepted the claimant's testimony on her illness in awarding benefits. The Board, however, stated in its discussion that her testimony was self-

---

[1] *See* Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

serving and lacking in credibility. It reversed the referee and denied benefits on the ground of willful misconduct. In determining whether the Board's finding of willful misconduct was proper, we look to see whether the taking of the cruise in October was in violation of the employer's rules[2] and, if so, whether the claimant had good cause for her conduct.[3]

Willful misconduct has been found frequently where the claimant has taken an unauthorized vacation. *See Unemployment Compensation Board of Review v. Devlin*, 20 Pa. Commonwealth Ct. 162, 341 A.2d 221 (1975), and cases cited therein. Here, the Board concluded that the claimant's absence was a vacation in violation of the employer's rules as quoted above. The dictionary defines "vacation," *inter alia*, as "a period spent away from home or business in travel or recreation." Webster's Third New International Dictionary 2527 (1966). The record contains substantial evidence that the claimant's cruise falls squarely within this definition. Among the factors worth noting, in deciding that this was a vacation and not an absence due to illness, are the one-week length of the absence, the earlier request for permission to take a trip, and the following testimony by the claimant on what the cruise involved:

> It was a seminar at sea. It was from New York and the Home Lines greet us and show us around, show us the accommodations. In Bermuda they made speeches, arranged for a sightseeing cruise, etc. The agents could familiarize

---

[2] The deliberate violation of employer's rules is among the types of conduct by a claimant which this Court has recognized as constituting willful misconduct. *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 296 A.2d 297 (1972).

[3] If a claimant's conduct in missing work is reasonable or justifiable under the circumstances, it will not amount to willful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

themselves with Bermuda and the options available.

In deciding whether the claimant's conduct was for good cause, we must be mindful that the Board, not the referee, is the ultimate fact-finder. The Board may reject even the uncontradicted testimony of the claimant if it concludes that his testimony is not worthy of belief. *See In re Claim of Wright*, 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976). Here, the Board rejected the claimant's proffered excuse for missing work, *i.e.*, illness due to allergy and exhaustion, and the factors mentioned above support the conclusion that her absence was not justifiable or reasonable. *See Frumento, supra* note 3.

Since the finding of willful misconduct by the Board was not improper, we enter this

## Order

And Now, this 13th day of June, 1977, the order of the Unemployment Compensation Board of Review, dated May 3, 1976, denying benefits to Janes Adams, is hereby affirmed.