John M. Fanelly, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Leon A. Mankowski,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., December 4, 1980:

This is the appeal of John M. Fanelly (appellant) from an Order of the Unemployment Compensation Board of Review (Board) which affirmed a Referee's decision denying benefits to the appellant for willful misconduct under Section 402(e) of the Pennsylvania Unemployment Compensation Law (Act).[1]

Appellant Fanelly was employed by Acorn Associates as Director of Marketing. As of June, 1978, he had accrued six weeks vacation time. Approximately April, 1978, he was advised by his supervisor that he should arrange to use his accrued time to avoid forfeiting it. The possibility of forfeiture arose because of expected changes in the company's ownership.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

On June 19, 1978, appellant began his vacation. Two weeks prior to that date he had informed his supervisor that he planned to use all of his vacation time; but he had failed to indicate the specific period of time during which he expected to be absent from work. The supervisor testified that she was not made aware of appellant's intended period of vacation until the Friday before that period began, which constituted three days advance notice. It was Acorn's policy that vacation time must be approved by the company at least two weeks in advance.

Fanelly returned to work on June 22, 1978, for a previously-scheduled meeting. The meeting was attended by the appellant, his supervisor, and the owner of Acorn Associates, George Welsh. At the meeting the appellant's vacation was discussed. The record is confusing as to what was resolved at this meeting; it is the employer's position that Fanelly was informed that his vacation had not been approved in advance as required by standing policy. The employer also maintains that Welsh suggested to the appellant that he revise his vacation plans to allow for the responsibilities of his position as Acorn's Director of Marketing. Fanelly refused to do so.

Immediately following this meeting, Fanelly received a letter from his supervisor notifying him that he had been terminated because of his attitude and behavior during the dispute over his vacation. Thereafter he applied for Unemployment Compensation benefits and his application was denied by the Bureau of Employment Security (Bureau) on the grounds of willful misconduct. He appealed the Bureau's decision and it was upheld by a Referee after a hearing. Fanelly appealed the Referee's decision to the Board, which affirmed the Referee. Appellant brings this appeal from the Board's Order affirming the Referee's decision.

It is well established that taking an unauthorized vacation when directed not to do so constitutes willful misconduct under Section 402(e) of the Act. *McAlister v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 376, 395 A.2d 660 (1978). This Court has consistently so held when confronted with this issue. *McAlister, supra; Adams v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 500, 373 A.2d 1383 (1977); *Unemployment Compensation Board of Review v. Devlin*, 20 Pa. Commonwealth Ct. 162, 341 A.2d 221 (1975).

The record before us clearly supports the Board's finding that Fanelly took his vacation without proper authorization, which constitutes willful misconduct. Both the employer and the appellant testified that the appellant was aware of his obligation to provide two weeks advance notice before taking a vacation. The appellant failed to do this. Additional testimony by his supervisor establishes that Fanelly also failed to make arrangements to cover his duties during his absence, which further violated known company policy.

Our scope of review in these matters is strictly defined. This Court is limited to determining whether the Board's findings of fact are consistent with each other, and with the Board's conclusions of law and its Order; and whether the findings can be sustained without a capricious disregard of competent evidence. *Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). We are further bound to give to the party who prevailed below the benefit of any inferences which can reasonably be drawn from the evidence. *Barnett v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 360, 408 A.2d 195 (1979).

Applying the above standard of review to the record before us, we conclude that the sole issue before this Court is whether the Board's findings are supported by substantial evidence. On that record, we hold that the Board's findings are clearly supported by the evidence; and we therefore affirm the Board's Order denying benefits to the appellant.

## ORDER

AND Now, the 4th day of December, 1980, the Order of the Unemployment Compensation Board of Review, dated March 19, 1979, at Decision No. B-164949, is affirmed.