Renee Y. Hackney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Little People Day Care Schools, Intervenor.

Argued February 5, 1981, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Allen H. Smith,* for petitioner.

No appearance for respondent.

*L. C. Heim, Dell'Alba, Heim & Lecates,* for intervenor.

OPINION BY JUDGE BLATT, July 20, 1981:

The claimant[1] appeals here from an order of the Board[2] denying her benefits under Section 402(e) of the Unemployment Compensation Law (Act)[3] due to willful misconduct.

The claimant was employed as a teacher's aide by the Little People's Day Care Schools from July 1978 until she was discharged on June 8, 1979. During the ten months of her employment, her employer, the sole proprietor of the school, had reprimanded her on numerous occasions for her unsatisfactory behavior as

---

[1] Renee Y. Hackney.

[2] Unemployment Compensation Board of Review.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

an employee including the manner in which she performed her work, her refusal to accept assignments, untruthful statements to her employer and remarks to her co-workers regarding a personal relationship with her employer. He alleged that, when he learned that she was informing fellow employees that she and he were having an affair, he warned her that if she persisted in making such a statement she would be dismissed, and upon learning that later the same evening she had nonetheless repeated her allegations to other employees, he discharged her. The claimant asserted that she was dismissed because she had rebuffed the employer's improper sexual advances toward her and because school staff members and others had learned of these advances. The Office of Employment Security granted benefits. After a hearing before a referee, at which evidence was taken, the referee denied benefits due to willful misconduct. The Board, without taking additional evidence, affirmed the referee. This appeal followed.

The employer here had the burden of proving willful misconduct. Because he prevailed below, our scope of review therefore is merely to determine whether or not the Board's findings of fact are supported by substantial evidence, and whether or not an error of law was committed. The employer is also entitled to the benefit of any inferences which can reasonably and logically be drawn from the evidence of record. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

The claimant's contention is that the record does not reveal substantial evidence to support the Board's findings that she was an unsatisfactory employee whose conduct rose to the level of willful misconduct, and that the employer did not make improper sexual advances toward her.

It is well established that, for unemployment compensation purposes, a finding of willful misconduct requires evidence of:

> the wanton and willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard of expected standards of behavior, or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's interest or the employee's duties or obligations to the employer.

*Lytle v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 78, 80, 387 A.2d 962, 963 (1978). Our review of the record reveals sufficient substantial evidence to support such a finding, even though there was conflicting testimony both as to the work-related incidents in question and as to whether or not the employer had made improper sexual advances as alleged. Questions of credibility and evidentiary weight, of course, are properly for the referee and the Board, and not for this Court, *Slayton v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981), and the resolution of evidentiary conflicts is, therefore, solely within the province of the compensation authorities. *Sears, Roebuck & Co. v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978). The referee found, and the Board affirmed, that the claimant was dismissed as a result of numerous problems, concerning many of which the employer had personal knowledge and for which he reprimanded her. The fact that he did not write letters of reprimand, as he had on occasion done with other employees in the past, does not destroy the competency of his testimony but goes only to the degree of evidentiary weight it is to be accorded. Upon hearing and considering all of the evidence,

the referee, and the Board, chose to believe the employer, both as to the presence of willful misconduct and as to the nonexistence of improper advances by the employer alleged by the claimant.

We, therefore, affirm the Board.

### ORDER

AND Now, this 20th day of July, 1981, we affirm the order of the Unemployment Compensation Board of Review in the above-captioned matter.

Judge WILKINSON, JR. did not participate in the decision in this case.