Jack Milne, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 31, 1983, to Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Lawrence Evan Frankel,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 22, 1983:

This is an appeal by Jack Milne, Jr. (Claimant), from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. 802(e).

Claimant was employed as a store manager by the Milo Barber & Beauty Supply Company (Employer) for more than two years. The Employer's policy regarding the scheduling of vacations required an employee to request authorization for a vacation from his immediate supervisor. From August 31, 1981 through September 6, 1981, Claimant took a vacation for which he did not request or receive authorization from the regional manager, his supervisor. Claimant was discharged on September 17, 1981 for taking his unauthorized vacation. Thereafter, he applied for unemployment benefits but was denied compensation by the Office of Employment Security (O.E.S.). After a hearing before a referee, the determination of the O.E.S. was affirmed. On appeal, the Board found that Claimant had deliberately taken vacation without authorization and was aware that, under company policy, supervisor approval was needed to authorize a vacation. The Board concluded that

Claimant's action constituted willful misconduct under the Law.

In an unemployment compensation case where the employer prevails before the Board in proving willful misconduct, review of the Board's decision by this Court is limited to a determination of whether the Board's findings of fact are supported by substantial evidence and whether the Board committed an error of law. *Hackney v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 625, 432 A.2d 317 (1981).

Claimant argues that the Board's finding that the vacation was unauthorized is not supported by substantial evidence. He asserts that since there is no evidence in the record indicating that Claimant violated a direct order *not* to take the vacation, the finding that the vacation was unauthorized is unsupported. He seems to suggest that our cases imply authorization unless there is evidence of express disapproval of the vacation. They do not. The absence of evidence of direct disapproval of the vacation may be relevant to whether taking the vacation amounted to willful misconduct; it is not relevant to a determination of whether the vacation was authorized where, as here, company policy required direct approval of vacation by a supervisor. The record here amply supports the existence of the vacation approval policy, Claimant's awareness of it, and his failure to comply with it in taking the August 31 to September 6, 1981 vacation. The Board's finding that the vacation was unauthorized is thus supported by substantial competent evidence.

We also find that the Board committed no error of law in concluding that Claimant's unauthorized vacation constituted willful misconduct. Willful misconduct has been defined to include deliberate viola-

tion of an employer's rules and action evidencing a disregard for the standards of behavior an employer has a right to expect from an employee. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). In *Fanelly v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 110, 422 A.2d 1214 (1980), we found willful misconduct when a claimant took vacation without proper authorization. We found further willful misconduct, in that case, in the Claimant's failure to arrange for coverage of his duties while he was absent and in his disregard of the employer's request that he revise his vacation plans. We do not read *Fanelly* to require that violation of a directive or request *not* to take the vacation be evident in order to show willful misconduct.[1] Claimant here urges in addition, however, that his failure to obtain authorization was inadvertent and his violation of company policy was unintentional, not rising to the level of willful misconduct. *See Morysville Body Works, Inc. v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 6, 419 A.2d 238 (1980). We do not agree. While Claimant's failure to submit the appropriate forms and secure the proper authorization may have been inadvertent, the record is clear that he took the vacation knowing that he had failed to secure the authorization required under company

---

[1] In *Fanelly*, we noted:

> The record before us clearly supports the Board's finding that Fanelly took his vacation without proper authorization, *which constitutes willful misconduct.* Both the employer and the appellant testified that the appellant was aware of his obligation to provide two weeks notice before taking his vacation. The appellant failed to do this. (Emphasis added.)

55 Pa. Commonwealth Ct. at 113, 442 A.2d at 1216.

34

policy. This action was neither inadvertent nor unintentional, and it constituted willful misconduct.

Accordingly, we affirm the order of the Board.

ORDER

Now, March 22, 1983, the Decision and Order of the Unemployment Compensation Board of Review, Decision No. B-203500, dated February 19, 1982 is hereby affirmed.