562 A.2d 935

**Rick W. JONES, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1989.

Decided July 28, 1989.

Christopher C. Straub, Pyfer and Associates Lancaster, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel and Maribeth Wilt–Seibert, Asst. Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

DOYLE, Judge.

This case is before us on appeal from a decision of the Unemployment Compensation Board of Review (Board) which held that Rick W. Jones (Claimant) was not entitled

to benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] (willful misconduct).

Claimant was last employed as a vice president of Greiner Industries, Inc., (Employer) a welding and fabricating company, at a salary of $45,000 per year plus five percent of the corporation's net profit. Claimant began his employment in January 1982 and continued working there until he was fired on November 26, 1986. Subsequent to losing his job, he filed for unemployment compensation benefits and the Office of Employment Security (OES) issued a determination granting Claimant benefits. Claimant's Employer filed an appeal from that decision. A hearing was held and the referee issued an order affirming the decision of the OES. Employer then appealed that order to the Board, which reversed the referee and denied benefits. This appeal followed.

The Board made the following relevant factual determinations. Claimant, during the course of his employment, "engaged in an intimate personal relationship with *the wife of Employer*" (finding of fact No. 2). "As a result of this relationship, the work routine at the office was disrupted to the point that it decreased the efficiency of the administrative personnel" (finding of fact No. 3). The Board further found that Claimant knew or should have known that his actions would cause such a disruption, and that he was discharged for engaging in actions which were detrimental to the efficient administration of *Employer's* business.

On appeal, this Court must determine whether there is substantial evidence in the record to support a finding of willful misconduct. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

■ We do believe that the Board's implicit finding that Claimant was engaged in an intimate personal relationship with Mrs. Brenda Greiner, the wife of Mr. Franklin Greiner, the president of Greiner Industries, Inc., is supported by the

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(c).

record, even though the evidence presented was purely circumstantial. Circumstantial evidence, however, if substantial, will support a Board finding. *See Heffelfinger v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 280, 431 A.2d 380 (1981). However, the Board, while first finding that Claimant was employed by *Greiner Industries, Inc.,* went on and found that Claimant engaged in a meretricious relationship with *"Employer's wife,"* thereby equating Employer with Employer's president. This was error. For purposes of determining ineligibility for benefits under Section 402(e), the proper inquiry is whether Claimant committed willful misconduct "connected with his work." Thus, absent a finding based upon substantial evidence that Claimant's conduct violated a work rule or was at odds with Employer's interest in the business sense, as distinguished from "Employer" personally, benefits cannot be denied.

The record, however, does not indicate that Claimant's performance *at work* deteriorated, or that he disregarded a work rule. The Board, as noted, found that Claimant's relationship with *"Employer's wife"* so disrupted the work routine at Greiner Industries that it decreased the efficiency of the administrative personnel, and that Claimant's actions were detrimental to the efficient administration of Employer's business. These findings *if* supported by substantial evidence, would clearly fit into the recited definition of willful misconduct. We do not believe, however, that these findings are supported by substantial evidence in the record.[2] The only testimony in the record regarding the decreased efficiency of the administrative personnel was given by "Employer" himself, *i.e.,* Franklin Greiner. He testified that his employees were "coming to me telling me they could not work. They're gonna have to maybe look for another job because of all the pressures that's been going on."

**2.** Substantial evidence is defined as such relevant evidence as a reasonable person would deem adequate to support a conclusion. *Murphy v. Department of Public Welfare,* 85 Pa.Commonwealth Ct. 23, 480 A.2d 382 (1984).

■ This testimony was not objected to by the Claimant. While it may show notice to the real Employer, it is hearsay and cannot, without corroboration, establish the truth or falsity of a decrease in efficiency. *See Walker v. Unemployment Compensation Board of Review,* 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976). Although Employer easily could have corroborated this testimony by having members of his administrative staff testify as to the tense atmosphere at work created by Claimant's relationship, or by introducing records to show a decline in the efficiency of his business, Employer failed to provide such corroboration. The only other evidence in the record was "Employer's" i.e., Franklin Greiner's vague claim that *he* had difficulty concentrating on his work because of his wife's relationship with Claimant.[3] This, conclusory statement, however, standing alone, is not substantial evidence and, hence, is insufficient to establish willful misconduct.[4]

Finally, the Board's reliance upon *Hackney v. Unemployment Compensation Board of Review,* 60 Pa.Commonwealth Ct. 625, 432 A.2d 317 (1981), and *Argentina v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 469, 371 A.2d 561 (1977), is not helpful. In *Hackney,* while the claimant contended she was discharged for rebuffing the employer's sexual advances, the Board found that she was discharged for work-related conduct. In *Argentina,* the claimant was discharged for threatening to send letters complaining of unwanted sexual advances to the employer's business associates. This too, unlike the instant case, evidences work-related conduct. In the case before the Court now, however, there was, quite

3. We note that during the period of time the Claimant's conduct was alleged to be disruptive of Employer's work routine, Mr. Greiner and his wife were in the midst of a combative divorce proceeding and engaged in other domestic relations litigation. N.T. 9, first unemployment hearing, N.T. 30, 32, 36, second unemployment hearing. Mrs. Greiner's employment with Employer was also terminated at this time.

4. "Employer's" alleged business complaints from customers appear to have been received *after* Claimant's discharge and are, therefore, legally irrelevant. We do note further that no hearsay objection was made to this evidence either.

simply, not substantial evidence as a matter of law to establish work-related willful misconduct on the part of Claimant.

Based upon the foregoing discussion, we reverse the order of the Board.[5]

COLINS and SMITH, JJ., dissent.

## ORDER

NOW, July 28, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

---

**5.** Because of our resolution of this matter, we need not consider Claimant's argument that his conduct was temporally remote from his discharge. Further, we decline the Board's request, at this juncture, to consider the case under Section 3 of the Law, 43 P.S. § 752 (benefits are granted to those unemployed through no fault of their own) when the Board did not do so below. Even if we did consider it under Section 3, however, our holding would be the same because there is nothing to show that Claimant's conduct related to *his* ability to perform his work. *See Jones v. Unemployment Compensation Board of Review,* 513 Pa. 45, 518 A.2d 1150 (1986).