647 A.2d 680

**Linda A. HOLSINGER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 29, 1994.

Decided Aug. 30, 1994.

204

Linda A. Holsinger, petitioner, for herself.

Judith M. Gilroy, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Claimant, Linda S. Holsinger, appeals from the order of the Unemployment Compensation Board of Review (Board), which denied her benefits because of willful misconduct.[1] The Board determined that Claimant's charges of sexual harassment against a physician/employer constituted willful misconduct because they were unsubstantiated, unreasonable and inimical to the best interests of the employer, Blair Medical Associates (Blair). We affirm. The pertinent facts are as follows.

Claimant worked for Blair from October 3, 1991 to September 17, 1993. She was warned about her job performance on three separate occasions, December 1992, January 1993, and June 1993, and she was also warned about excessive use of sick time in 1993. On August 4 and 5, 1993, the secretaries and management met to discuss the problems within their unit, and when Claimant was told about specific complaints against her by the physicians, she accused one of the doctors of sexually harassing her. She was advised by her supervisor to follow up on this allegation by speaking with her supervisor or upper management and by issuing a complaint. She did not follow up on this accusation in any manner, but she did repeat the accusation at a later date, again when her performance was reviewed by one of the managers, Pamela Starr. She was then terminated on September 17, 1994 for poor work performance, excessive use of sick time, and for spreading unsubstantiated rumors about one of the physicians in the practice.

The local Job Center issued a determination denying benefits to Claimant, and she filed an appeal. After a hearing, the referee issued a decision affirming the Job Center's determination. Following an appeal to the Board, the Board determined that problems with Claimant's performance were either remote in time and/or credibly explained, as were the absentee problems, and that neither issue was the immediate cause of her discharge. Rather, her dismissal was directly due to her

1. Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

charge of sexual harassment against a physician. Neverthe-less, the Board agreed that Claimant's conduct in making these unsubstantiated allegations rose to the level of willful misconduct, and therefore it denied benefits. In this regard, the Board stated:

> The claimant cannot have it both ways on this issue. She used the sexual harassment charge as an explanation for her difficulties with this physician but told the management employees she did not wish to pursue it. On at least one occasion, she stated this while non-management co-workers were present. If she did not wish to pursue it, there was no reason for the claimant to make the allegations, which were too vague to be either rebutted or investigated.

(Board Opinion at 2, December 30, 1993).

On appeal, Claimant argues that: (1) the Board erred as a matter of law in finding that her allegations of sexual harass-ment rose to the level of willful misconduct; (2) the Board's decision that Claimant's failure to pursue the sexual harass-ment claim through interoffice procedures was a justifiable reason for her discharge is not supported by substantial evidence, and (3) the referee's actions violated 34 Pa.Code § 101.21(a), and caused Claimant to limit her questioning of witnesses, resulting in a substantially incomplete record. We will discuss each of these arguments in the order presented.

First, Claimant argues that her allegations concern-ing the doctor's harassment can not be willful misconduct because she had good cause to make these statements and her remarks were justified. Willful misconduct has been held to comprehend an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of a standard of behavior which the Employ-er has the right to expect, or negligence rising to the level of an intentional disregard of the employer's interest. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). However, when there is good cause for an employee to take certain actions, such that they were justifiable or reasonable under the circumstances, such actions

cannot be considered willful misconduct. *Horace W. Longa-cre, Inc. v. Unemployment Compensation Board of Review,* 12 Pa.Commonwealth Ct. 176, 316 A.2d 110 (1974).

Thus, for example, when the legal ownership of an invention was in dispute, the claimant's refusal to sign an agreement releasing ownership of an invented device to the employer, although in direct defiance of employer's directions and inimical to employer's interest, was not willful misconduct, *BMY, Division of Harsco Corp. v. Unemployment Compensation Board of Review,* 94 Pa.Commonwealth Ct. 579, 504 A.2d 946 (1986). Similarly, when a nurse's aide refused to leave an invalid patient in the bath to attend to the feeding of other patients, her insubordination and curt remarks to her supervisor were held to be justified and reasonable under the circumstances, and, therefore, not willful misconduct. *Cundiff v. Unemployment Compensation Board of Review,* 88 Pa.Commonwealth Ct. 272, 489 A.2d 948 (1985).

■ Given that questions of credibility and evidentiary weight are properly for the referee and the Board, *Hackney v. Unemployment Compensation Board of Review,* 60 Pa.Commonwealth Ct. 625, 432 A.2d 317 (1981), the Board found that Claimant had made unsubstantiated accusations which were too vague to be verifiable and then Claimant failed to follow her employer's directive to follow up a serious accusation of sexual harassment by issuing a complaint or speaking with management personnel about her experiences with the accused doctor. However, she continued to make this accusation whenever she was called upon to explain her performance problems. Thus, there was no good cause for her charges of sexual harassment, and her actions in disregard of her employer's interests were not reasonable or justifiable.

■ Next, Claimant argues that the Board's decision is against the substantial weight of the evidence because there was no clear-cut rule or procedure at the time for filing a sexual harassment claim, and, in fact, the rule was added to the company rule book only after Claimant was terminated. While it is true that specific rules regarding sexual harass-

ment claims were not yet part of the employee handbook at the time Claimant was employed at Blair, the general rule, contained in Rule # 12 of the employee handbook, stated that work-related problems were to be solved within the work area, and with the supervisor, and if all efforts proved unsatisfactory, the employee and supervisor were to proceed to the department director, and then to the chief operating officer.

As the Board found that Claimant made no effort to pursue this problem through the normal channels, though specifically directed to do so by her supervisor and others, her claim that Blair failed to meet its burden to prove "both the rule and the fact of its violation," *Sonat Marine, Inc. v. Unemployment Compensation Board of Review,* 92 Pa.Commonwealth Ct. 404, 409, 499 A.2d 718, 721 (1985), is without merit.

■ Finally, Claimant argues that the referee not only failed to give aid and assistance to her as a *pro se* claimant, as required under 34 Pa.Code. § 101.21, but actually interfered with her attempts to cross-examine witnesses and to make her case-in-chief. Such interference, it is argued, constitutes reversible error.

However, a close perusal of the specified parts of the record allegedly showing referee interference indicates that Claimant was able to continue cross-examining employer witnesses, despite the referee's expressed desire to discontinue a certain line of questioning, (Hearing Transcript at 34, November 4, 1993), and was able to pursue and make her case-in-chief, although not until the referee had finished his questions of Claimant. (Hearing Transcript at 39, November 4, 1993). Therefore, we find no merit to this claim of error.

Accordingly, we affirm the decision of the Board denying unemployment benefits to Claimant.

### *ORDER*

AND NOW, this 30th day of August, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.