# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Timothy P. O'Donnell, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2281 C.D. 2015 |
| | : | Submitted: June 17, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                                   **FILED: July 27, 2016**

Timothy P. O'Donnell (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) that denied him unemployment compensation (UC) benefits under Section 402(e) of the UC Law (Law).[1]  Claimant contends the Board erred in determining his conduct rose to the level of willful misconduct.  He also asserts the Board erred in failing to correct the referee's alleged error in excluding a doctor's note from the record.  Upon review, we affirm.

## I. Background

Claimant worked for J.B. Hunt Transport, Inc. (Employer) as a full-time yard jockey from April 8, 2013, until his termination on May 26, 2015.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

Beginning in March 2015, Claimant did not work for a period of seven or eight weeks because of foot surgery. On May 18, Claimant's physician released him for full-time duty. Employer notified Claimant he needed to work on May 23 and May 25, the Saturday and Monday of Memorial Day weekend. Upon his initial return to work on May 18, Claimant requested vacation time for May 23 and May 25. Employer denied this request. Employer requires two-week notice from its employees prior to taking vacation time. Employer ultimately terminated Claimant on May 26 after he took unauthorized vacation time on May 23 and May 25.

Thereafter, Claimant applied for UC benefits, which a local service center granted. Employer appealed, and a referee's hearing ensued.

At the referee's hearing, Employer was represented by counsel while Claimant was unrepresented. Employer's account manager, Rosemary Downey (Account Manager), testified for Employer. Account Manager testified Claimant did not report to work on May 23 and May 25, and he requested vacation time because he had a vacation planned with his girlfriend. Account Manager further testified Claimant was aware of Employer's two-week notice policy for use of vacation time, and despite receiving a medical clearance from his doctor on May 18, Claimant did not provide documentation for the days he missed on May 23 and May 25. Account Manager also testified that Employer disciplined Claimant for absenteeism on three prior occasions; once in October 2014 and twice in November 2014.

2

Employer's operations supervisor, Katie Shaak (Operations Supervisor), testified by telephone for Employer. Operations Supervisor testified Claimant told her on May 18 he wanted to schedule vacation on May 23 and May 25. Operations Supervisor further testified, because Claimant did not request vacation time two weeks in advance, Employer denied Claimant's request and required him to work on those dates. She also testified that Claimant did not provide her any documentation on May 18 that would substantiate a medical need for the requested vacation time. Lastly, Operations Supervisor confirmed Claimant's prior disciplinary actions for absenteeism in October and November 2014.

Claimant testified on his own behalf. Claimant testified he returned to work after his surgery on May 18 with a doctor's note substantiating his absences for the past seven to eight weeks. Claimant testified his doctor told him, "if there was [sic] any issues I could come back and see him, in which I did during the time that I was out on Memorial Day weekend." Referee's Hr'g, Notes of Testimony (N.T.), 8/10/15, at 9. Claimant further testified he told Operations Supervisor he needed vacation time on May 23 and May 25 because his foot was sore. Claimant sought to introduce a doctor's note dated May 26 as "proof … [the doctor] gave me the days off." N.T. at 9. Although Employer's counsel objected to the admission of this note, and the referee ultimately excluded it, the referee permitted Claimant to testify regarding the content of the note.

When asked what he told Operations Supervisor as to whether he needed May 23 and May 25 to rest his foot or go on vacation, Claimant testified,

"[v]acation was a side note." N.T. at 10. On cross-examination, Claimant admitted he went "to the [s]hore" over the Memorial Day weekend, and "documentation [for May 23 and May 25] wasn't provided because [he] was terminated." N.T. at 12, 13.

After the hearing, the referee made the following pertinent findings:

2. [E]mployer's work rules provide, in part, that a worker must give two weeks notice [sic] for vacation days.

3. [C]laimant was aware of [E]mployer's rules.

4. On October 29, 2014, [E]mployer gave [C]laimant a verbal warning for absences.

5. On November 13, 2014, [E]mployer gave [C]laimant a written warning for absences.

6. On November 17, 2014, [E]mployer gave [C]laimant a second written warning for absences.

7. Beginning in March 2015, [C]laimant was out of work for seven or eight weeks because of a foot injury.

8. [C]laimant was subsequently released by his physician for full duty.

9. On May 18, 2015, [E]mployer informed [C]laimant he was scheduled for [a] mandatory overtime shift on May 23, 2015 and a regular work day on May 25, 2015.

10. [C]laimant informed [E]mployer['s] representative he was taking vacation.

11. [E]mployer responded that [C]laimant did not give notice for vacation and was required to work the shifts.

12. [C]laimant did not report to work or call off on May 23 and May 25, 2015.

4

13.    [E]mployer discharged [C]laimant for absence without report.

14.    [C]laimant asserts he was taking off to go away on vacation and because his foot was sore.

Referee's Dec., 6/22/15, Finding of Fact (F.F.) Nos. 2-14 (emphasis added).  On the issue of whether Claimant's absenteeism was based on a legitimate medical need, the referee found Employer's witnesses' testimony credible and therefore resolved this conflict in Employer's favor.  As such, the referee determined Employer terminated Claimant for excessive absenteeism and denied benefits under Section 402(e) of the Law.

On appeal, the Board affirmed the referee's decision and adopted his critical findings.[2]  In denying benefits, the Board reasoned (with emphasis added):

> The Board specifically rejects [C]laimant's testimony that he took off work on May 23, 2015 and May 25, 2015 because his foot was sore.  The [O]perations [S]upervisor credibly testified that [C]laimant did not provide a reason for being off on those days other than that he was taking a vacation. … On appeal, [C]laimant provides documents absent from the record before the Referee.  The Board may not consider extra-record evidence and avoided doing so here.

Bd. Op. at 1.  Claimant now petitions for review to this Court.[3]

---

[2] The Board modified the referee's Finding of Fact No. 7 to indicate Claimant was out of work for several weeks because of foot surgery rather than because of an injury.

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated.  Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

## II. Issues

Claimant first contends the record does not contain substantial evidence to show his absenteeism rose to the level of willful misconduct. Claimant also asserts the Board erred in failing to acknowledge and correct the referee's alleged prejudicial error of excluding Claimant's May 26 doctor's note, which excused his absences on May 23 and May 25.

## III. Discussion

The Board is the ultimate fact-finder in UC cases. <u>Oliver v. Unemployment Comp. Bd. of Review</u>, 5 A.3d 432 (Pa. Cmwlth. 2010) (<u>en</u> <u>banc</u>). Thus, matters of credibility and the weight to be given conflicting testimony fall within the Board's exclusive province. <u>Id.</u> The Board may reject the testimony of the claimant if it concludes it is not worthy of belief. <u>Adams v. Unemployment Comp. Bd. of Review</u>, 373 A.2d 1383 (Pa. Cmwlth. 1977). Additionally, we must view the record in the light most favorable to the prevailing party before the Board, and give that party the benefit of all reasonable inferences that can be drawn from the evidence. <u>Sanders v. Unemployment Comp. Bd. of Review</u>, 739 A.2d 616 (Pa. Cmwlth. 1999).

Further, it is irrelevant whether the record contains evidence to support findings other than those made by the Board; the critical inquiry is whether there is substantial evidence in the record to support the findings actually made. <u>Wise v. Unemployment Comp. Bd. of Review</u>, 111 A.3d 1256 (Pa. Cmwlth. 2015); <u>Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review</u>, 949 A.2d 338 (Pa. Cmwlth. 2008).

Section 402(e) of the Law states an employee shall be ineligible for compensation for any week in which his unemployment is due to willful misconduct connected to his work. 43 P.S. §802(e). Willful misconduct within Section 402(e) is defined by the courts as: (1) a wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior that an employer can rightfully expect from an employee; or, (4) negligence that manifests culpability, wrongful intent, evil design, or an intentional and substantial disregard for the employer's interest or the employee's duties and obligations. Guthrie v. Unemployment Comp. Bd. of Review, 738 A.2d 518 (Pa. Cmwlth. 1999). The burden of proving willful misconduct rests with the employer. Id. Whether an employee's conduct constitutes willful misconduct is a question of law subject to this Court's review. Id.

**A.**

Claimant first argues the Board erred in determining he committed willful misconduct. Despite the Board's finding, he contends he needed the time off to rest his foot following surgery. Claimant also asserts he visited his doctor during that time.

While absenteeism may not always support a finding of willful misconduct, an employee's use of unauthorized vacation time, when specifically directed not to by an employer, amounts to willful misconduct under the Law. Hymon v. Unemployment Comp. Bd. of Review, 466 A.2d 275 (Pa. Cmwlth. 1983); Travor v. Unemployment Comp. Bd. of Review, 449 A.2d 814 (Pa. Cmwlth. 1982). Thus, this Court repeatedly holds the use of unauthorized vacation

7

time constitutes willful misconduct under the Law. Hymon; Milne v. Unemployment Comp. Bd. of Review, 457 A.2d 224 (Pa. Cmwlth. 1983); Fanelly v. Unemployment Comp. Bd. of Review, 422 A.2d 1214 (Pa. Cmwlth. 1980); Adams.

Here, substantial evidence supports the Board's finding that Employer terminated Claimant's employment for taking unauthorized vacation time. N.T. at 5, 7-8; Referee's Decision & Order, 8/11/15, at 2. To that end, the Board specifically rejected Claimant's testimony that he took off work because his foot was sore.[4] Bd. Op. at 1. The Board also determined Claimant did not provide Employer with good cause for his absenteeism, other than wanting to take vacation time. Id. As these determinations are amply supported, Claimant's argument fails. Bd. Op. at 1; N.T. at 5, 7-8; F.F. Nos. 10-12. In turn, based on its supported findings, the Board properly determined Claimant's use of unauthorized vacation time constituted willful misconduct. Hymon; Fanelly; Adams.

Of further note, when the referee asked Claimant exactly when he went to his doctor, Claimant replied: "I had seen [sic] the doctor on the 26th." N.T. at 10. Claimant went to his doctor *after* Employer terminated his employment. N.T. at 13. If, as Claimant suggests, he was aware that on May 18 he needed to

---

[4] Claimant argues his case is akin to Travor v. Unemployment Compensation Board of Review, 449 A.2d 814 (Pa. Cmwlth. 1982), and W.R. Grace v. Unemployment Compensation Board of Review, 412 A.2d 1128 (Pa. Cmwlth. 1980). In these cases benefits were granted because claimants' absences were the result of illness. Based on the Board's finding that Claimant's absence here was neither not caused by illness or medical necessity, these cases are inapposite.

8

take off on May 23 and May 25 to rest his foot, it is unclear why Claimant did not obtain a doctor's note *prior* to his termination from employment on May 26.

**B.**

Claimant also argues the referee's exclusion of his May 26 doctor's note, and the Board's refusal to consider the note, constitute prejudicial error. We disagree.

Section 101.130(e) of the Board's regulations requires that when testimony is given with the aid of a document not previously in the record, the document must be circulated to all parties in advance of a telephonic hearing. 34 Pa. Code §101.130(e). Further, "[a] document not provided as required by §101.130(e) (relating to notice of testimony by telephone and use of documents) may not be admitted nor testimony given or taken from it unless consent has been requested from and given by all parties. Testimony taken or given in violation of this subsection will be excluded from consideration, as will the document." 34 Pa. Code §101.131(h).

Here, the record reveals, after a series of continuances, Claimant received notice of this requirement through a July 27, 2015 Notice of Hearing. See Certified Record, Item No. 8 (Board Notice of Hr'g, 7/27/15, at 2). Because Claimant did not produce his May 26 doctor's note in advance of the hearing, the referee properly excluded it upon Employer's objection. 34 Pa. Code §101.131(h).

9

Nevertheless, Claimant argues strict compliance with Section 101.130(e) is not required as only Employer's Operations Supervisor testified telephonically, and both Employer's counsel and Account Manager appeared in person. Our case law reveals no support for this argument.

To the contrary, in Ellis v. Unemployment Compensation Board of Review, 749 A.2d 1028 (Pa. Cmwlth. 2000), we required strict compliance with Section 101.130(e) of the Board's regulations when employer presented two in-person witnesses and only one witness appeared telephonically. Thus, we apply a literal construction of 34 Pa. Code §101.131(h) and hold that a document "may not be admitted nor testimony given or taken from it unless consent has been requested from and given by all parties." Collins v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 1078 C.D. 2013, filed March 13, 2014), Slip Op. at 9, 2014 WL 1004114 at *4 (unreported); see also Ellis. As such, in light of the objection raised by Employer's counsel, the referee properly excluded Claimant's doctor's note. Beverly Hall Corp. v. Unemployment Comp. Bd. of Review, 106 A.3d 829 (Pa. Cmwlth. 2014) (upon a party's objection, referee is obligated to exclude documents that are not produced in compliance with the telephone hearing regulations).[5]

---

[5] In any event, the referee allowed Claimant to testify regarding the content of the note. Indeed, Claimant testified as to the note's existence and legitimacy, and he claimed he was medically excused on the days in question. Referee's Hr'g, Notes of Testimony, 8/10/15, at 10. Thus, the content of the May 26 doctor's note is in the record by virtue of Claimant's testimony. However, as explained above, the Board rejected Claimant's testimony as not credible.

10

Based on the foregoing, we affirm.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy P. O'Donnell,                  :
                     Petitioner        :
                                       :
          v.                           :     No. 2281 C.D. 2015
                                       :
Unemployment Compensation              :
Board of Review,                       :
                     Respondent        :

# **O R D E R**

**AND NOW**, this 27th day of July, 2016, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge